# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 12, 2021

| | |
|---|---|
| * * * * * * * * * * * * * | Unpublished |
| ADMIRE NATHAN, * | |
| * | No. 19-74V |
| Petitioner, * | |
| v. * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH * | Dismissal Decision; Failure to |
| AND HUMAN SERVICES, * | Prosecute; Insufficient Proof. |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

*Admire Nathan*, Davenport, FL, *pro se.*
*Mary E. Holmes*, U.S. Department of Justice, Washington, D.C., for respondent.

**DIMISSAL DECISION[1]**

On January 15, 2019, Admire Nathan ("petitioner")[2] filed a petition for compensation in the National Vaccine Injury Compensation Program.[3] Petitioner alleged that as a result of receiving the human papillomavirus vaccination on January 13, 2016, she suffered seizure-like behavior, migraines and other issues. Petition (ECF No. 1); Petitioner's Exhibit ("Pet. Ex.") 26. Petitioner had an attorney enter their appearance on July 16, 2019 (ECF No. 17). Petitioner filed additional medical records on November 26, 2019, February 6, 2020, April 3, 2020 and on October 7, 2020. Petitioner's ("Pet.") Exhibits ("Exs.") 1-24. Petitioner filed a statement of completion on October 7, 2020. ECF No. 38. Petitioner then filed additional medical records on December 4, 2020. Pet. Exs. 25-27 (ECF no. 43).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] Initially, the petition was filed on her behalf, but the case caption was corrected on October 8, 2020 (Order Granting Petitioner's Motion to Amend Case Caption) (ECF No. 41).

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On October 8, 2020, after several extensions of time to file an amended petition, petitioner was ordered to file either an amended petition or a status report indicating that an amended petition will not be filed. Order (Non-PDF) (issued Oct. 8, 2020). The undersigned granted petitioner another extension of time to file an amended petition on December 4, 2020, giving petitioner until February 4, 2021 to file an amended petition. Order (Non-PDF) (issued on Dec. 4, 2020). On February 4, 2020, petitioner filed a motion for an extension of time to file an amended petition, requesting ninety additional days to file an amended petition, stating that counsel had retained co-counsel to assist with litigating the claim on behalf of petitioner. Pet. Motion ("Mot.") (ECF No. 45). The undersigned granted petitioner's motion on February 5, 2021 but ordered petitioner to file an amended petition by March 22, 2021, and if the deadline was missed, a status conference was to be scheduled. Order (ECF No. 47).

On March 22, 2021, petitioner filed another extension of time to file an amended petition. Pet. Mot. (ECF No. 48). The undersigned held a status conference on March 29, 2021. Status Conference Order (ECF No. 49). During the status conference, I explained that the medical records filed by petitioner "reflect a consensus that petitioner's seizure-like symptoms (also referred to as psychogenic non-epileptic seizures) are functional rather than neurological or immune [mediated] in nature." Scheduling Order (ECF No. 50). I explained to counsel that functional injuries in the Vaccine Program are unusual. *Id.* at 2. Petitioner's counsel explained that he had been consulting with an attorney experienced in the Vaccine Program and would work with co-counsel to determine how to proceed. *Id.* Petitioner was ordered to file an amended petition to clarify the nature of petitioner's injury or a status report proposing further proceedings. *Id.* In the alternative, petitioner could file a motion for a decision dismissing the petition. *Id.*

On April 27, 2021, petitioner's attorney filed a motion to withdraw. Pet. Mot. to Withdraw (ECF No. 51). The undersigned held a digitally recorded status conference on May 13, 2021. Order Granting Pet. Mot and Order to Show Cause (ECF No. 53). In addition to counsel for petitioner and respondent, petitioner, and her mother Karena Harrison, participated in this status conference. *Id.* at 1. During the status conference, I summarized the petitioner's medical history and petition. I also explained to petitioner that her current counsel had requested to withdraw as counsel, but he did obtain relevant medical records. I also explained that petitioner's counsel was seeking to withdraw, which I would grant, and that in order to proceed, petitioner would need a qualified medical expert's opinion that addresses how the HPV vaccine can cause the symptoms that petitioner had experienced. 42 U.S.C. § 300aa-13(a)(1)(A); *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005). I also explained that petitioner's symptoms have not been clearly diagnosed or categorized as being part of a condition that is autoimmune in nature, making it unclear how her symptoms were caused by the HPV vaccine. *Id.* at 2. Petitioner requested additional time to find a medical professional who could provide to review her medical records and write a report supporting vaccine causation. Further, petitioner requested the opportunity to contact other attorneys to secure representation of her petition. *Id.* I ordered petitioner to complete and return the E-Notification Consent form and then file a status report within sixty days providing an update on her efforts to retain an attorney as well as retaining an expert to support her claim. *Id.*

On July 30, 2021, after petitioner missed her deadline to file a status report, the undersigned issued a second Show Cause Order, again requiring petitioner to file a status report by August 9, 2021 demonstrating efforts to retain an attorney or a medical expert to support her claim. Order to Show Cause (ECF No. 55). The undersigned informed petitioner that failure to respond to this Show Cause Order will result in the dismissal of her petition for failure to prosecute and insufficient proof. *Id.* at 2.

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that he or she suffered a "Table injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present cast, petitioner does not allege a Table injury. Thus, to prevail on entitlement, petitioner must establish that the HPV vaccine she received is the actual cause of her injuries. Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

Petitioner underwent thorough evaluations at multiple medical institutions, including the Mayo Clinic, which did not find support for a neurological, immunological, or other physiological explanation for her symptoms. In September 2020, the neurologist Marc Patterson, M.D., at the Mayo Clinic recorded that Ms. Nathan had not experienced the dramatic spells of unresponsiveness and syncope for 18 months, she was taking college-level courses, and she was able to drive. However, she was still experiencing "intermittent periocular twitching." See Pet. Ex. 26 at 10-14.

Failure to respond to a Court order will be interpreted as an inability to provide supporting documentation for this claim, constituting insufficient proof, as well as for failure to prosecute, and the petition will be dismissed. *Tsekouras v. Sec'y of Health &Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam without opinion,* 991 F.2d 810 (Fed. Cir. 1993) *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). In this case, petitioner has failed to respond to two Order to Show Cause and petitioner's records do not support vaccine causation, nor has she submitted a report with the opinion of a competent medical professional to support vaccine causation.

Therefore, this case shall be **DISMISSED for insufficient proof and failure to prosecute. The Clerk of the Court shall enter judgment accordingly.**

**The Clerk of the Court is directed to serve a copy of this decision via U.S. mail to the following address:**

Admire Nathan
129 Champions Way
Davenport, FL 33837-7545
karenaharr@yahoo.com
(407) 283-5199

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master